# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                        Case No. 05-34246-DHW
                                                             Chapter 13
CARRIE S. HORN,

    Debtor.

## MEMORANDUM OPINION

On January 5, 2006, City Finance Company filed an objection to confirmation of Carrie S. Horn's chapter 13 plan. At issue is whether the claim of City Finance must be treated as fully secured under provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. No. 109-8)("BAPCPA").

## Jurisdiction

The court's jurisdiction is conferred by 28 U.S.C. § 1334 and by the United States District Court for this district's general order referring title 11 matters to this court. Further, because the issue involves the confirmation of a plan, this is a core proceeding under 28 U.S.C. § 157(b)(2)(L) thereby extending the court's jurisdiction to the entry of a final order or judgment.

## Stipulated Facts

On February 13, 2006, Horn and City Finance filed a joint stipulation of facts (Doc. #24), which the court adopts as its findings of fact here. Those facts are summarized as follows.

Horn obtained a loan from City Finance on June 1, 2001 in the amount of $6,792.75 to purchase a 1997 Ford Escort from City Finance. The debtor agreed to repay the loan over a four-year term. City Finance retained a security interest in the vehicle.

On November 5, 2001, the loan was refinanced with Horn borrowing an additional $1,000. City Finance retained its security interest in the vehicle.

On October 15, 2002, the November 2001 loan was refinanced with Horn borrowing an additional $2,300. City Finance retained its security interest in the vehicle.

On October 23, 2003, the 2002 loan was refinanced with Horn borrowing an additional $500. City Finance retained its security interest in the vehicle.

On June 21, 2005, the 2003 loan was refinanced with Horn borrowing an additional $1,000. City Finance retained its security interest in the vehicle.

Horn filed a chapter 13 petition for relief on December 6, 2005. She values the 1997 Ford Escort at $2,300. Although the stipulated facts do not reflect the amount of City Finance's claim as of the petition date, it is assumed that the claim exceeds the debtor's valuation of the collateral.[1]

Conclusions of Law

The BAPCPA amendments to 11 U.S.C. § 1325 were made applicable to cases filed on or after October 17, 2005. Therefore, the amendments apply to Horn's chapter 13 case.

11 U.S.C. § 1325 establishes confirmation requirements for chapter 13 plans. Subsection (a)(5) prescribes the treatment of secured claims. Section 1325(a)(5) is now qualified by an unnumbered, hanging paragraph located at the end of subsection

---

[1] City Finance asserts in its objection to confirmation that the claim should be treated as "fully" secured in the amount of $7,263.45. In addition, the debtor scheduled the debt in the amount of $7,114 on Schedule D.

2

(a). That paragraph provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in Section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 506 provides that a secured creditor's claim is allowed as secured only to the extent of the value of the collateral.[2] Therefore, under the pre-amendment law, the claims of secured creditors were subject to bifurcation into secured and unsecured portions depending on the value of the collateral. If bifurcated, the claim was referred to as being "crammed-down" or "stripped-down."

The current law, however, prevents the application of § 506, that is, the bifurcation of a secured claim into secured and unsecured portions, when 1) the creditor has a purchase-money security interest 2) in a motor vehicle acquired for the debtor's personal use, and 3) the debt secured by the vehicle was incurred within 910 days of the filing of the petition.[3] *See In re Johnson*, 2006

---

[2] The exact text of the statute provides: "(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. . . ." 11 U.S.C. § 506(a)(1).

[3] Although not germane here, the court notes that the amendment also prevents bifurcation of claims in instances where the collateral was property other than a motor vehicle if the debt was incurred within one year preceding

3

WL 270231 (Bankr. M.D. N.C. February 2, 2006) (holding that new § 1325 prevents bifurcation under § 506 of claims meeting the three requirements). If § 506 does not apply, the creditor's claim must be treated under the plan as fully secured.

In the case *sub judice*, the parties dispute centers upon when the loan was incurred. City Finance argues that the debt was incurred at the time of the last refinancing which was well within the 910-day period prior to the bankruptcy. The debtor, on the other hand, contends that the purchase-money debt was incurred outside the 910-day period in November 2001.

Whether the debt was made inside or outside the 910-day period preceding bankruptcy, however, need not be reached because the court finds that the creditor is not protected by § 1325(a) for a different reason. City Finance's security interest in the debtor's vehicle is not a purchase-money security interest. State law is controlling on the issue.

Alabama law defines a purchase-money security interest. The statute provides: "A security interest in goods is a purchase-money security interest: (1) to the extent that the goods are purchase-money collateral with respect to that security interest . . . . *Ala. Code* § 7-9A-103(b) (1975).

The statute defines "purchase-money collateral" as "goods or software that secures a purchase-money obligation incurred with respect to that collateral." *Ala. Code* § 7-9A-103(a)(1) (1975).

The statute defines "purchase-money obligation" as "an obligation of an obligor incurred as all or part of the price of the collateral or for value given to enable the debtor to acquire rights in or the use of the collateral if the value is in fact so used." *Ala. Code*

---

the filing of the case.

§ 7-9A-103(a)(2) (1975).

City Finance's claim is not a purchase-money obligation because Horn did not incur the entire debt as all or part of the purchase price of the vehicle. Instead, the debt comprises money loaned for the purchase of the car together with four separate, subsequent, and additional cash advances. Therefore, Horn's car secures more than the debt for the money to acquire it. As a result, City Finance's security interest loses its purchase-money character. *See Snap-On Tools, Inc. v. Freeman*, 956 F.2d 252 (11th Cir. 1992)(holding that "[a] security interest in collateral is 'purchase money' to the extent that the item secures a debt for the money required to make the purchase. If an item of collateral secures some other type of debt, e.g., antecedent debt, it is not purchase money." *Id.* at 254-55.[4]

Conclusion

For these reasons the court finds that 11 U.S.C. § 506 is applicable in determining the secured claim of City Finance. The total claim may be bifurcated into its secured and unsecured portions. City Finance's objection to confirmation of Horn's chapter

---

[4] The Court of Appeals in Snap-On Tools v. Freeman construed the phrase "purchase-money security interest" as it was defined under former Ala. Code § 7-9-107. Although Ala. Code § 7-9A-103 now employs different language to define the phrase, a purchase-money security interest remains one that secures the money used to acquire the collateral and nothing else.

13 plan, to that extent, will be overruled by separate order.[5]

Done this the 23rd day of February, 2006.

                                              Dwight H. Williams, Jr.
                                              United States Bankruptcy Judge

c: Carrie S. Horn, Debtor
   Vonda S. McLeod, Attorney for Debtor
   Britt B. Griggs, Attorney for Creditor
   Curtis C. Reding, Trustee

---

[5] City Finance has also objected to confirmation of the plan based upon the interest rate proposed to be paid on its secured claim. The parties, however, have agreed to defer that matter until the court rules on the same issue in another chapter 13 case.

6